JOHN AND KATHLEEN LARAWAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Laraway v. Commissioner
Docket No. 16177-91
United States Tax Court
T.C. Memo 1992-705; 1992 Tax Ct. Memo LEXIS 745; 64 T.C.M. (CCH) 1503; December 14, 1992, Filed *745 Decision will be entered for petitioners. For John and Kathleen Laraway, pro se. For Respondent: Donna F. Herbert. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioners' 1988 Federal income tax in the amount of $ 1,577.24. The sole issue for our decision is whether petitioner John Laraway (hereinafter petitioner) worked as an employee or a self-employed contractor during the year at issue. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners resided in Altadena, California. Petitioners bear the burden of showing respondent's determinations *746 are erroneous. Rule 142(a); Welch v. Halvering, 290 U.S. 111 (1933). From the period 1984 through at least 1989, petitioner worked as an automobile mechanic at Vintage Racing Services (hereafter referred to as VRS). VRS, owned by Anton Krivanek, restores and repairs "exotic" automobiles. During the year at issue, petitioner primarily worked part-time. On the days he worked, his hours were generally from 10:00 a.m. to 5:00 p.m. Upon arriving at the shop, Mr. Krivanek would assign petitioner a particular car to repair or restore. Petitioner was to work under the instructions of either Mr. Krivanek or the shop foreman, Robert Dale. Although petitioner supplied some of his own tools, such as wrenches and screw drivers, the specialty tools and heavy equipment were supplied by VRS. At the end of each day, petitioner was responsible for completing daily logs which detailed the hours he worked and the work performed. VRS billed and collected fees from its customers and then paid petitioner an established hourly rate. Petitioner did not invest in VRS's facilities, advertise his services, or solicit customers. VRS treated all of the mechanics and the *747 shop foreman as independent contractors. Subsequent to a meeting between Mr. Krivanek and his accountant early in 1989, VRS began to treat the mechanics and shop foreman as employees. For 1988, VRS paid petitioner a total of $ 12,113.78, from which no Federal taxes were withheld, and issued him a Form 1099, which reflected his earnings as non-employee compensation. For 1989, VRS issued petitioner a Form W-2 treating his compensation as wages from which Federal taxes were withheld. For 1989, other than the issuance of a Form W-2, nothing significant changed in the relationship between petitioner and VRS compared to 1988. Petitioners filed a timely Federal income tax return for 1988, which included the amounts received from VRS in gross income. However, petitioner neither filed a Schedule SE nor paid any self-employment tax for 1988. Respondent contends that petitioner was an independent contractor in 1988 while working for VRS, and therefore is subject to the self-employment tax. Section 1401 imposes a tax upon each individual's "self-employment income". Section 1402(b) defines "self-employment income" as "net earnings from self-employment", with exceptions not applicable *748 in the instant case. "Net earnings from self-employment" means the "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Sec. 1402(a). However, the self-employment tax does not apply to employees. Secs. 1402(c)(2) and (3). Section 1402(d) defines "employee" by reference to section 3121, which section applies the usual common-law principles for determining the employee-employer relationship. See sec. 3121(d)(2). Whether an individual is an employee or an independent contractor is a question of fact. Matthews v. Commissioner, 92 T.C. 351, 360 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990); Professional & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751, 753 (9th Cir. 1988). Courts have looked to several factors in deciding whether an employment relationship exists. Among them are the following: (1) The alleged employer's right to control the manner in which the work is to be performed; (2) *749 whether the individual performing the work has an opportunity for profit or loss; (3) the individual's investment in the work facilities; (4) whether or not the service involved requires any special skills; (5) the permanency of the relationship between the parties; (6) whether the service rendered is an integral part of the alleged employer's business; (7) the relationship the parties think they are creating; and (8) whether the alleged employer has the right to discharge the individual. United States v. Silk, 331 U.S. 704, 716 (1947); Simpson v. Commissioner, 64 T.C. 974, 984-985 (1975). The relative importance of these factors must be viewed under the special facts and circumstances of each case. No one factor is controlling. Based on the application of the enumerated factors to this record, we believe that petitioner was an employee of VRS. Petitioner's activities were supervised and conducted under the direction of Mr. Krivanek or Mr. Dale. VRS scheduled the work, billed the customers, collected the fees, and provided most of the necessary tools and equipment. Moreover, petitioner had set hours and was paid an *750 hourly rate. Finally, petitioner neither invested in the facilities of VRS nor had an opportunity for profit or loss. Accordingly, we find that petitioner was an employee of VRS during 1988 and is not liable for self-employment taxes. To reflect the foregoing, Decision will be entered for petitioners. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩